IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS § | Case Number: 2:03CR19(17) |
| § | |
| WAYMON DARTY § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On February 10, 2009, the court held a final hearing on the government's petition (#1132) to revoke supervised release. The government was represented by Assistant United States Attorney Denise Simpson. The defendant was represented by Mr. Wayne Dickey.

Waymon Darty was sentenced on May 17, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine Base, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 57 to 71 months. Waymon Darty was subsequently sentenced to 57 months to be followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare and a special assessment of $100. On December 22, 2006, Waymon Darty completed his period of imprisonment and began service of the supervision term.

On January 14, 2009, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state or local crime. Specifically, the

government alleges as follows: On February 27, 2008, Waymon Darty was arrested for the offense of Manufacturing and Delivery of a Controlled Substance (State Jail Felony). The charge has been changed to Manufacturing and Delivery of a Controlled Substance (2nd Degree Felony). This case is pending in Harrison County, Marshall, Texas.

2) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. Specifically, the government alleges as follows: On October 15, 2008, the offender submitted a urine sample which tested positive for Marijuana. On November 7, 2008, November 13, 2008, November 20, 2008, and December 3, 2008, the offender submitted a urine sample which tested positive for Marijuana, Opiates and Cocaine.

The court scheduled a final revocation hearing for February 10, 2009. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the second allegation as set forth above. The government abandoned the first allegation. Based on the defendant's plea of true to the second allegation, and with no objection by the defendant or the government, the court found that the defendant did violate the second condition of his supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for fourteen months, with no term of supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the second allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the second allegation, it is further recommended that the court find that the defendant violated the conditions

of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen months, with no term of supervised release to follow such term of imprisonment.

At the close of the February 10, 2009, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 18th day of February, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE